UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON ELDER, : : Plaintiff, : : v. : : NEW JERSEY TRANSIT CORP., : : Defendant. : | Civil Action No. 01-4415 (JAG)<br><br>**ORDER** |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion (Docket Entry No. 41) filed by plaintiff, Emerson Elder ("Plaintiff"), seeking relief from this Court's Order dated March 19, 2004, granting summary judgment for defendant, New Jersey Transit Corp. ("Defendant").[1] Plaintiff's motion is based on either FED. R. CIV. P. 60(b) or 59(e). This lack of clarity is irrelevant since Plaintiff's motion is untimely under either rule. The motion is denied.

If Plaintiff intended to bring his motion pursuant to FED. R. CIV. P. 60(b), Plaintiff's motion "must be made within a reasonable time." FED. R. CIV. P. 60 (c)(1). FED. R. CIV. P. 60(b) provides that a party may obtain relief from a final judgment if there is "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

---

[1] Plaintiff's original complaint alleged employment discrimination.

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

In the instant case, Plaintiff makes no allegations with respect to the requirements of subsections (1), (2), (3), (4), or (5). As such, this Court is left to conclude that Plaintiff intends to bring the motion pursuant to FED R. CIV. P. 60(b)(6). When the basis of relief is rooted in FED. R. CIV. P. 60(b)(6), courts have consistently held that "a motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." Gordon v. Monoson 239 F. App'x 710 (3d Cir. 2007) (citing Ackermann v. United States, 340 U.S. 193 (1950); Klapprott v. United States, 335 U.S. 601 (1949)). Plaintiff fails to provide any explanation for, let alone allege any extraordinary circumstances leading to, his delay. Plaintiff's motion for relief was filed March 17, 2008, nearly four years after this Court's Order dated March 19, 2004. Therefore, this Court concludes that the motion was not filed within a reasonable time, as required by FED. R. CIV. P. 60(c).

If Plaintiff intended to bring this motion pursuant to FED. R. CIV. P. 59(e), Plaintiff's motion "must be filed no later than 10 days after the entry of the judgment." Because Plaintiff's motion was filed on March 17, 2008, nearly four years after entry of this Court's Order, dated March 19, 2004, the motion is untimely.

Even if the motion had been filed in a timely manner, none of the allegations warrant reconsideration of this Court's March 19, 2004 Order. Plaintiff's arguments focus on alleged

violations of the Rules of Professional Conduct,[2] the Code of Judicial Conduct, and the Sixth Amendment.  For example, Plaintiff alleges that the appointment of DeCotis, FitzPatrick, Cole & Wisler, LLP to represent him created an appearance of impropriety since his lead attorney and one other member of the firm had worked in the U.S. Attorney's Office in the District of New Jersey at the same time as this Court had.  Neither the Code of Conduct nor the attendant commentaries indicate that the fact that a judge and an attorney worked in a U.S. Attorney's Office or the same government office, for that matter, over 20 years ago creates an appearance of impropriety.

Plaintiff also alleges this prior experience violates Canon 3 of the Code of Conduct because it would prevent this Court from performing its duties impartially.  Canon 3 of the Code states, in relevant part, that a judge should disqualify himself if "a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter." Neither this Court, nor Plaintiff's counsel, worked on Plaintiff's matter while at the U.S. Attorney's office.  Furthermore, it seems unlikely, and there is no evidence to the contrary, that a prior working relationship between a judge and Plaintiff's attorneys would lend itself to an implication of bias *against* Plaintiff, as is alleged here.

Plaintiff's claim that he received ineffective assistance of counsel from his attorney is inapplicable here because the right to effective assistance of counsel is limited to criminal cases. See Strickland v. Washington 466 U.S. 668 (1984); U.S. Const. amend. VI.

Plaintiff also asserts that he has been denied the right to confront witnesses against him.

---

[2]Any alleged violations of the Rules of Professional Conduct, such as an attorney's conflict of interest, should be brought to the attention of the Supreme Court of New Jersey.  N.J. Const. art. VI, § 2, para. 3.

This claim is inapposite here because the Sixth Amendment applies only to criminal prosecutions. (Id.)

Therefore,

IT IS on this 7th day of October, 2008,

ORDERED that Plaintiff's motion seeking relief from this Court's March 19, 2004 Order (Docket No. 41) is DENIED; and it is further

ORDERED that a copy of this Order be served on the parties within seven (7) days of the entry of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.